UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| CHRISTINE AVERY, as Personal Representative of the Estate of Christopher Nault,<br><br>Plaintiff<br><br>v.<br><br>WELLPATH, LLC, formerly known as Correct Care Solutions; DOUGLAS HEDGPATH; DUSTIN HEDGPATH; MITCHELL HERRICK; and TRISTAN OBREMSKI,<br><br>Defendants | Case No. 2:20-cv-00428-DBH |

# ANSWER OF DEFENDANTS DOUGLAS HEDGPATH, DUSTIN HEDGPATH, AND MITCHELL HERRICK TO THE COMPLAINT

Now Come Defendants Douglas Hedgpath, Dustin Hedgpath, and Mitchell Herrick (hereinafter "Defendants"), by and through undersigned counsel, and hereby answer Plaintiff's Complaint (ECF No. 1) as follows:

## INTRODUCTION[1]

1. Defendants admit that Plaintiff brought a civil rights action against Defendants. This paragraph otherwise contains a narrative summary of the facts alleged against Defendants elsewhere in the Complaint, and no response is therefore required. To the extent Plaintiff asserts any statements of fact against Defendants in this paragraph, Defendants deny the allegations.

---

[1] Defendants have organized this answer based on the headings used by Plaintiff in the complaint for ease of reference, but the use of such headings by Defendants should not be construed to denote or imply any admission of fact.

## THE PARTIES

2. Defendants lack sufficient information or knowledge to form a belief about the truth of the allegations in this paragraph and therefore deny the allegations.

3. Defendants lack sufficient information or knowledge to form a belief about the truth of the allegations in this paragraph and therefore deny the allegations.

4. Defendants admit that Wellpath, LLC, was formerly known as Correct Care Solutions, LLC. Defendants lack sufficient information or knowledge to form a belief about the truth of the other allegations in this paragraph and therefore deny the allegations.

5. Defendants admit that Wellpath contracts with the Department of Corrections ("DOC") to provide medical services to inmates at the Maine State Prison located in Warren, Maine. Defendants lack sufficient information or knowledge to form a belief about the truth of the other allegations in this paragraph and therefore deny the allegations.

6. Defendants admit that Douglas Hedgpath is sued in his individual capacity as a correctional officer at the Maine State Prison and that he resides in the town of Prospect, County of Waldo, State of Maine. Defendants lack sufficient information or knowledge to form a belief about the truth of the other allegations in this paragraph and therefore deny the allegations.

7. Defendants admit that Dustin Hedgpath is sued in his individual capacity as a correctional officer at the Maine State Prison and that he resides in the town of Prospect, County of Waldo, State of Maine. Defendants lack sufficient information or knowledge to form a belief about the truth of the other allegations in this paragraph and therefore deny the allegations.

8. Defendants admit that Mitchell Herrick is sued in his individual capacity as a correctional officer at the Maine State Prison and that he resides in the town of Frankfort, County of Waldo, State of Maine. Defendants lack sufficient information or knowledge to form a belief about

the truth of the other allegations in this paragraph and therefore deny the allegations.

9. Defendants admit that Tristan Obremski is sued in his individual capacity. Defendants lack sufficient information or knowledge to form a belief about the truth of the other allegations in this paragraph and therefore deny the allegations.

## JURISDICTION AND VENUE

10. This paragraph states legal conclusions to which no response is required. To the extent a response is required to this paragraph or the paragraph contains any allegations that are statements of fact, Defendants deny the allegations.

11. This paragraph states a legal conclusion to which no response is required. Defendants do not contest venue in this matter. To the extent Plaintiff alleges a statement of fact in this paragraph, Defendants deny the allegation.

## BACKGROUND FACTS

### Hepatitis C Virus ("HCV")

12. Defendants lack sufficient information or knowledge to form a belief about the truth of the allegations in this paragraph and therefore deny the allegations.

13. Defendants lack sufficient information or knowledge to form a belief about the truth of the allegations in this paragraph and therefore deny the allegations.

14. Defendants admit that Christopher Nault received a sentence of two years for a probation revocation and entered the Department's custody on January 5, 2018. Defendants deny the remaining allegations in this paragraph.

15. Defendants lack sufficient information or knowledge to form a belief about the truth of the allegations in this paragraph and therefore deny the allegations.

16. Defendants lack sufficient information or knowledge to form a belief about the truth of the

allegations in this paragraph and therefore deny the allegations.

17. Defendants lack sufficient information or knowledge to form a belief about the truth of the allegations in this paragraph and therefore deny the allegations.

18. Defendants lack sufficient information or knowledge to form a belief about the truth of the allegations in this paragraph and therefore deny the allegations.

19. Defendants lack sufficient information or knowledge to form a belief about the truth of the allegations in this paragraph and therefore deny the allegations.

20. Defendants lack sufficient information or knowledge to form a belief about the truth of the allegations in this paragraph and therefore deny the allegations.

21. Defendants lack sufficient information or knowledge to form a belief about the truth of the allegations in this paragraph and therefore deny the allegations.

22. Defendants deny the allegation that DOC's grievance procedures were not available to Christopher Nault. With respect to the other allegations in this paragraph, Defendants lack sufficient information or knowledge to form a belief about the truth of the allegations and therefore deny the allegations.

23. Defendants lack sufficient information or knowledge to form a belief about the truth of the allegations in this paragraph and therefore deny the allegations.

24. Defendants lack sufficient information or knowledge to form a belief about the truth of the allegations in this paragraph and therefore deny the allegations.

25. Defendants lack sufficient information or knowledge to form a belief about the truth of the allegations of Christopher Nault's alleged liver function tests on February 28, 2018, and Defendants therefore deny the allegations. With respect to the other allegations in this paragraph, Defendants lack sufficient information or knowledge to form a belief about the truth

of the allegations and therefore deny the allegations.

26. Defendants lack sufficient information or knowledge to form a belief about the truth of the allegations in this paragraph and therefore deny the allegations.

27. Defendants lack sufficient information or knowledge to form a belief about the truth of the allegations in this paragraph and therefore deny the allegations.

28. Defendants deny the allegations in paragraph 28.

29. Defendants deny the allegations in paragraph 29.

30. Defendants lack sufficient information or knowledge to form a belief about the truth of the allegations in this paragraph and therefore deny the allegations.

31. Defendants lack sufficient information or knowledge to form a belief about the truth of the allegations in this paragraph and therefore deny the allegations.

32. Defendants lack sufficient information or knowledge to form a belief about the truth of the allegations in this paragraph and therefore deny the allegations.

33. Defendants lack sufficient information or knowledge to form a belief about the truth of the allegations in this paragraph and therefore deny the allegations.

34. Defendants lack sufficient information or knowledge to form a belief about the truth of the allegations in this paragraph and therefore deny the allegations.

35. Defendants lack sufficient information or knowledge to form a belief about the truth of the allegations in this paragraph and therefore deny the allegations.

36. Defendants lack sufficient information or knowledge to form a belief about the truth of the allegations in this paragraph and therefore deny the allegations.

37. Defendants lack sufficient information or knowledge to form a belief about the truth of the allegations in this paragraph and therefore deny the allegations.

## Severe Dental Decay and Infection

38. Defendants lack sufficient information or knowledge to form a belief about the truth of the allegations in this paragraph and therefore deny the allegations.

39. Defendants lack sufficient information or knowledge to form a belief about the truth of the allegations in this paragraph and therefore deny the allegations.

40. Defendants lack sufficient information or knowledge to form a belief about the truth of the allegations in this paragraph and therefore deny the allegations.

41. Defendants lack sufficient information or knowledge to form a belief about the truth of the allegations in this paragraph and therefore deny the allegations.

42. Defendants lack sufficient information or knowledge to form a belief about the truth of the allegations in this paragraph and therefore deny the allegations.

43. Defendants lack sufficient information or knowledge to form a belief about the truth of the allegations in this paragraph and therefore deny the allegations.

44. Defendants lack sufficient information or knowledge to form a belief about the truth of the allegations in this paragraph and therefore deny the allegations.

45. Defendants lack sufficient information or knowledge to form a belief about the truth of the allegations in this paragraph and therefore deny the allegations.

46. Defendants lack sufficient information or knowledge to form a belief about the truth of the allegations in this paragraph and therefore deny the allegations.

47. Defendants lack sufficient information or knowledge to form a belief about the truth of the allegations in this paragraph and therefore deny the allegations.

48. Defendants lack sufficient information or knowledge to form a belief about the truth of the allegations in this paragraph and therefore deny the allegations.

49. Defendants lack sufficient information or knowledge to form a belief about the truth of the allegations in this paragraph and therefore deny the allegations.

50. Defendants lack sufficient information or knowledge to form a belief about the truth of the allegations in this paragraph and therefore deny the allegations.

51. Defendants lack sufficient information or knowledge to form a belief about the truth of the allegations in this paragraph and therefore deny the allegations.

52. Defendants lack sufficient information or knowledge to form a belief about the truth of the allegations in this paragraph and therefore deny the allegations.

53. Defendants lack sufficient information or knowledge to form a belief about the truth of the allegations in this paragraph and therefore deny the allegations.

54. Defendants lack sufficient information or knowledge to form a belief about the truth of the allegations in this paragraph and therefore deny the allegations.

**Final Days of Nault's Life**

55. Defendants lack sufficient information or knowledge to form a belief about the truth of the allegations in this paragraph and therefore deny the allegations.

56. Defendants lack sufficient information or knowledge to form a belief about the truth of the allegations in this paragraph and therefore deny the allegations.

57. Defendants lack sufficient information or knowledge to form a belief about the truth of the allegations in this paragraph and therefore deny the allegations.

58. Defendants admit that on November 15, 2018, at around 21:00 hours, Christopher Nault was in his cell (cell 112), in Close Echo-pod, which was locked. To the extent Plaintiff asserts other allegations against Defendants in this paragraph, Defendants deny the allegations.

59. Defendants admit that Dustin Hedgpath conducted a count of the prisoners in Close Echo-pod

at approximately 21:00 hours on November 15, 2018, and that he asked Christopher Nault if he was ok. Defendants deny the allegations that Dustin Hedgpath made these statements to the Maine State Police and deny the remaining allegations in this paragraph.

60. Defendants lack sufficient information or knowledge to form a belief about the truth of the allegations in this paragraph and therefore deny the allegations.

61. Defendants deny the allegations in paragraph 61.

62. Defendants deny the allegations in paragraph 62 to the extent the allegations pertain to the Close Echo-pod. Defendants admit that Dustin Hedgpath recalled that an inmate in the Special Management Unit (not the Close Echo-pod) may have pushed the emergency call button the evening of November 15-16, 2018.

63. Defendants deny the allegations in paragraph 63.

64. Defendants admit that Douglas Hedgpath conducted a count at approximately 5:45 a.m. in Close Echo-pod on November 16, 2018. Defendants admit that Douglas Hedgpath knocked on Christopher Nault's cell door during count, shined a flashlight in the cell, observed that Christopher Nault was unresponsive and at an odd angle on the bed, and called for an incident command system (ICS). To the extent Plaintiff asserts other allegations against Defendants in this paragraph, Defendants deny the allegations.

65. Defendants admit that Mitchell Herrick, Tristan Obremski, and Dustin Hedgpath (the brother of Douglas Hedgpath) arrived at Christopher Nault's cell at *approximately* 5:55 a.m. To the extent Plaintiff makes other allegations against Defendants in this paragraph, Defendants deny the allegations.

66. Defendants admit that body camera E9482 was turned on and began recording. Defendants admit that Christopher Nault had what appeared to be a dark, coffee-ground-like substance on

his face and bed near his head. Defendants lack sufficient information or knowledge to form a belief about the truth of the other allegations in this paragraph and therefore deny the allegations.

67. Defendants admit that Douglas Hedgpath and Mitchell Herrick transported Christopher Nault to the medical department. Defendants admit that Rebecca Eastman assisted in the medical department and that CPR was performed for approximately 40 minutes. Defendants admit that Christopher Nault was pronounced dead at 6:41 a.m. Defendants lack sufficient information or knowledge to form a belief about the truth of the other allegations in this paragraph and therefore deny the allegations.

68. Defendants admit that Douglas Hedgpath called for count at approximately 5:45 a.m. Defendants lack sufficient information or knowledge to form a belief about the truth of the other allegations in this paragraph and therefore deny the allegations.

69. Defendants deny that Douglas Hedgpath made these statements to the Maine State Police and deny the remaining allegations in this paragraph to the extent they relate to alleged statements made to the Maine State Police. With respect to the other allegations in this paragraph, Defendants lack sufficient information or knowledge to form a belief about the truth of the allegations and therefore deny the allegations.

70. Defendants lack sufficient information or knowledge to form a belief about the truth of the other allegations in this paragraph and therefore deny the allegations.

71. Defendants deny the allegations in paragraph 71.

72. Defendants deny the allegations in paragraph 72.

73. Defendants deny that Tristan Obremski made these statements to the Maine State Police. Defendants lack sufficient information or knowledge to form a belief about the truth of the

remaining allegations in this paragraph and therefore deny the allegations.

74. Defendants lack sufficient information or knowledge to form a belief about the truth of the allegations in this paragraph and therefore deny the allegations.

75. Defendants deny the allegations in paragraph 75.

76. Defendants deny the allegations in paragraph 76.

77. Defendants deny the allegations in paragraph 77.

78. Defendants admit that the nightlight for Christopher Nault's cell (cell 112) was working properly when checked. Defendants deny the remaining allegations in this paragraph.

79. Defendants admit that a logbook was brought to the medical department but deny that it has since disappeared. Defendants lack sufficient information or knowledge to form a belief about the truth of the other allegations in this paragraph and therefore deny the allegations.

80. Defendants deny the allegations in paragraph 80.

81. Defendants admit that the Office of Chief Medical Examiner's report shows Christopher Nault's cause of death as bacterial meningitis, undetermined etiology. Defendants lack sufficient information or knowledge to form a belief about the truth of the other allegations in this paragraph and therefore deny the allegations.

## Count I

### (Wellpath's Official Government Policy or Custom under 42 U.S.C. § 1983)

82. Defendants repeat and reassert their responses to the allegations in paragraphs 1 to 81 as if fully set forth herein.

83. This paragraph does not assert any allegations against Defendants and no response is therefore required. To the extent a response is required or the paragraph contains any allegations that are statements of fact pertaining to Defendants, Defendants deny the allegations.

84. This paragraph does not assert any allegations against Defendants and no response is therefore required. To the extent a response is required or the paragraph contains any allegations that are statements of fact pertaining to Defendants, Defendants deny the allegations.

85. This paragraph does not assert any allegations against Defendants and no response is therefore required. To the extent a response is required or the paragraph contains any allegations that are statements of fact pertaining to Defendants, Defendants deny the allegations.

86. This paragraph does not assert any allegations against Defendants and no response is therefore required. To the extent a response is required or the paragraph contains any allegations that are statements of fact pertaining to Defendants, Defendants deny the allegations.

87. This paragraph does not assert any allegations against Defendants and no response is therefore required. To the extent a response is required or the paragraph contains any allegations that are statements of fact pertaining to Defendants, Defendants deny the allegations.

88. This paragraph does not assert any allegations against Defendants and no response is therefore required. To the extent a response is required or the paragraph contains any allegations that are statements of fact pertaining to Defendants, Defendants deny the allegations.

89. This paragraph does not assert any allegations against Defendants and no response is therefore required. To the extent a response is required or the paragraph contains any allegations that are statements of fact pertaining to Defendants, Defendants deny the allegations.

WHEREFORE, Defendants respectfully request that all relief requested by Plaintiff be denied and that Defendants be awarded judgment in their favor and for its costs, reasonable attorneys' fees and such further relief as this Court deems just and proper.

## COUNT II

### (Deliberate Indifference, Cruel and Unusual Punishment under 42 U.S. § 1983)

90. Defendants repeat and reassert their responses to the allegations in paragraphs 1 to 89 as if fully set forth herein.

91. Defendants deny the allegations in paragraph 91.

92. Defendants deny the allegations in paragraph 92.

93. Defendants deny the allegations in paragraph 93.

94. Defendants deny the allegations in paragraph 94.

95. Defendants deny the allegations in paragraph 95.

96. Defendants deny the allegations in paragraph 96.

97. Defendants deny the allegations in paragraph 97.

98. Defendants deny the allegations in paragraph 98.

99. Defendants deny the allegations in paragraph 99.

100. Defendants deny the allegations in paragraph 100.

WHEREFORE, Defendants respectfully request that all relief requested by Plaintiff be denied and that Defendants be awarded judgment in their favor and for its costs, reasonable attorneys' fees and such further relief as this Court deems just and proper.

## PRAYER FOR RELIEF

Defendants deny that Plaintiff is entitled to the relief that Plaintiff seeks, and Defendants request that the Court dismiss the complaint, enter judgment in their favor, and award them costs.

## DEMAND FOR JURY TRIAL

Defendants hereby submit this demand for a jury trial on any issue triable by jury pursuant to Fed. R. Civ. P. 38(b).

## AFFIRMATIVE DEFENSES

1. Plaintiff's complaint fails to state a claim upon which relief may be granted.

2. Plaintiff lacks standing to bring some or all of the claims against Defendants.

3. Plaintiff's claims are barred for failure to exhaust administrative remedies under the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a).

4. Defendants assert all defenses set forth in the Prison Litigation Reform Act, 42 U.S.C. § 1997e.

5. Plaintiff's claims against Defendants are barred by qualified immunity. Defendants did not violate a clearly established constitutional right of Plaintiff or Christopher Nault, and Defendants are therefore entitled to qualified immunity.

6. Defendants did not act with deliberate indifference or any requisite state of mind for any of the alleged constitutional violations.

7. Defendants lacked personal or direct involvement in any of the alleged violations of constitutional rights. Any and all damage or injury allegedly sustained by Plaintiff or Christopher Nault resulted not from the conduct or acts of Defendants, but from the conduct or acts of Plaintiff or the decedent or other persons.

8. The acts or omissions of Defendants alleged to constitute deliberate indifference, cruel and unusual punishment, or a constitutional violation were not substantial causes or factors in the alleged injuries sustained.

9. Plaintiff's or the decedent's alleged injuries or damages, if any, were not caused by any conduct of Defendants, but resulted from intervening or supervening causes.

10. Plaintiff or the decedent failed to mitigate damages and are therefore barred from recovery against Defendants.

11. Plaintiff is not entitled to declaratory or injunctive relief.

12. Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

WHEREFORE, Defendants request that the Court dismiss the complaint and enter judgment in favor of Defendants and against Plaintiff, along with costs, attorneys' fees, and expenses, and any other relief deemed necessary.

Respectfully submitted,

AARON M. FREY
Attorney General of Maine

Dated: June 7, 2021

/s/ Alisa Ross
Alisa Ross, Bar No. 4688
Assistant Attorney General
Office of the Attorney General
6 State House Station
Augusta, ME  04333-0006
Tel.: (207) 626-8800
Fax: (207) 287-3145
alisa.ross@maine.gov
*Attorney for Defendants Douglas Hedgpath, Dustin Hedgpath, and Mitchell Herrick*

14