## UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

| | |
|---|---|
| CHRISTINE AVERY, )<br>as Personal Representative of the )<br>Estate of Christopher Nault, )<br>  )<br>  Plaintiff )<br>  )<br>v. )    No. 2:20-cv-00428-NT<br>  )<br>WELLPATH, LLC, et al., )<br>  )<br>  Defendants ) | |

### MEMORANDUM DECISION AND ORDER ON
### MOTION FOR CONFIDENTIALITY ORDER

In this civil rights case arising from the death of the plaintiff's father while he was inmate at the Maine State Prison (MSP), defendants Douglas Hedgpath, Dustin Hedgpath, and Mitchell Herrick (collectively, "MSP defendants") seek the entry of a confidentiality order permitting them to designate sensitive documents as being for attorneys' eyes only and authorizing them to disclose documents designated confidential under state law. *See* Motion for Confidentiality Order ("Motion") (ECF No. 34). They contend that such an order is necessary because they "may produce sensitive and confidential information in this case that is not appropriate for non-attorneys to view due to prison safety and security concerns that may arise from dissemination of the information and/or because the information pertains to other prison residents whose privacy must be protected." Motion at 1. They also note that some of the information they may produce during discovery is subject to state confidentiality laws which permit disclosure only pursuant to a court order. *See* Motion at 2-3.

The plaintiff does not oppose the entry of this court's standard confidentiality order – which does not provide for an attorneys'-eyes-only designation – but argues that the MSP defendants

1

have failed to show a compelling reason for the heightened designation. *See* Plaintiff's Opposition to Defendants' Motion for Confidentiality Order (ECF No. 35) at 1.  She argues that an attorneys'-eyes-only designation will hinder her ability to prepare for trial because her experts will need to review documents, she will need to examine witnesses about documents, and her attorneys will need to communicate with her about her case. *See id.* at 2-5.[1]  She also "objects" to the MSP defendants' suggestion that any of the documents at issue in this case are confidential under state law, reasoning – without citing any authority – that because the documents pertain to a deceased person "there is no ongoing need to keep [the] information confidential." *Id.* at 4.

The MSP defendants have the better argument.

First, attorneys'-eyes-only designations are often used to protect sensitive information that, in the wrong hands, could undermine prison safety and security. *See, e.g.*, *Reese v. Liberty*, No. 1:18-cv-00421-JDL, 2019 WL 5549219, at *3 (D. Me. Oct. 25, 2019); *In re Sec'y, Fla. Dep't of Corr.*, No. 20-10650-J, 2020 WL 1933170, at *2-3 (11th Cir. Mar. 30, 2020).  This practice reflects the state's "dominant" interest in ensuring "the safety of guards and prison personnel, the public, and the prisoners themselves." *Wilkinson v. Austin*, 545 U.S. 209, 227 (2005).  The fact that the plaintiff is not an inmate at MSP lessens concerns about her misusing the information, but it does not eliminate the risk of harm from revealing sensitive prison information to a member of the general public.  As the MSP defendants point out, if they "were to disclose sensitive information relating to security plans (or residents) to non-attorneys in this action, that information could be used in a way (whether intentionally or unintentionally) that jeopardizes the safety of

---

[1] I am not persuaded by the plaintiff's additional suggestion that an attorneys'-eyes-only designation would be meaningless because she cannot "unsee" the discovery she has already received from the MSP defendants. Opposition at 1-2. The MSP defendants aver that they do not seek to retroactively designate already disclosed documents but rather to protect certain future disclosures. *See* Reply Memorandum in Support of Motion for Confidentiality Order ("Reply") (ECF No. 36) at 1-2.

correctional staff and/or residents at the prison." Reply Memorandum in Support of Motion for Confidentiality Order ("Reply") (ECF No. 36) at 3. Moreover, the plaintiff herself suggests that current and former MSP inmates will serve as witnesses in this case. *See* Opposition at 4.

Second, the plaintiff's concerns about being hampered in her preparation for trial are adequately addressed by the MSP defendants' proposed confidentiality order, which (1) provides that a document must be designated attorneys'-eyes-only in good faith (subject to sanctions) on the basis that it poses a security or safety risk if disclosed to a non-attorney; (2) permits disclosure of documents designated attorneys'-eyes-only to counsel, court reporters, contractors, consultants, experts, and others by consent; and (3) provides a process for challenging attorneys'-eyes-only designations. *See* [Proposed] Confidentiality Order (ECF No. 34-1), attached to Motion, ¶¶ 4, 6(c), 9.

Third, the process for designating and challenging a designation outlined in the proposed confidentiality order is more efficient than the plaintiff's suggestion that the MSP defendants be required to move for attorneys'-eyes-only protective orders on a document-by-document basis. *See* Opposition at 1, 5. The proposed order provides that a party may object to the designation of a document as attorneys'-eyes-only, following which the objecting party and the designating party must meet and confer to attempt to resolve the objection in good faith. *See* [Proposed] Confidentiality Order at ¶ 9(a)-(b). Failing such resolution, the designating party may file a motion to retain its designation, with respect to which it bears "the burden to show good cause for the" designation's retention. *Id.* ¶ 9(c); *see Reese*, 2019 WL 5549219, at *1-5 (resolving a motion to retain an attorneys'-eyes-only designation under a similar confidentiality order).

Finally, although I understand that the plaintiff disagrees that the documents at issue in this case are confidential under state law, *see* Opposition at 4, I can see no prejudice to her in including

3

a provision in the confidentiality order authorizing the disclosure of documents pursuant to state law, *see* [Proposed] Confidentiality Order ¶ 16.

Accordingly, I **_GRANT_** the MSP defendants' motion and will enter their proposed confidentiality order over the plaintiff's objections.[2]

### *NOTICE*

*In accordance with Federal Rule of Civil Procedure 72(a), a party may serve and file an objection to this order within fourteen (14) days after being served with a copy thereof.*

*Failure to file a timely objection shall constitute a waiver of the right to review by the district court and to any further appeal of this order.*

Dated this 21st day of November, 2021.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge

---

[2] I note that the proposed order includes language that it is entered "based on the representations and agreements of the parties[.]" [Proposed] Confidentiality Order ¶ 14. That language will be deleted from the final order.